### PECK, HANNAFORD & PECK CO v RAMSEY

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 25, 1932

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for plaintiff in error.

Bates, Stewart & Skirvan, Cincinnati, for defendant in error.

ROSS, PJ.

It is claimed that the verdict is against the weight of the evidence, in that it was testified to by experts that the furnace was a menace to life, in that fumes might and probably would escape into pipes leading to the rooms, and, therefore, it had no beneficial use. This evidence was met by a number of persons who had and were using these furnaces with complete success. We can find no fault with the judgment on this point.

During the trial it was brought out in evidence, originally upon cross-examination of the plaintiff, by counsel for defendant, that the patentee, for whom plaintiff was attorney, and who, as patentee, was also given a royalty by the same contract, had since died, and that his widow was being paid a portion of the amount provided by the contract.

The court was requested to charge as follows: "I charge you, members of the jury, that you are not to consider the fact that certain payments have been made by the defendant to Abigail Coleman, in determining whether or not the plaintiff in this case is entitled to recover."

While we consider that no error would have been committed by the court in giving the charge, we do not find that the refusal to give the charge amounted to such error, prejudicial to the judgment, in view of the manifest weight of the evidence indicating that the verdict as hereinafter modified was substantially just, and in view of the fact that the case was one in chancery, triable to the court.

It is further contended that the court committed error in excluding the defense of laches and estoppel, as alleged. We conclude on this point that even if the allega-

tions of this defense had been fully proved, they would not constitute a defense, since a period of laches short of that provided by the statute of limitations is alleged, and no act or omission causing the defendant to change his position, and amounting to estoppel, is averred. The allegations cover mere lapse of time. Manifestly the basic proceeding was a case in chancery. The action was for an accounting—an equity case.

The petition did not merely allege complicated items of an account, but the failure of defendant to make reports and render accounts, as provided by the contract, and the court could have rendered a decree requiring the defendant to account.

The defense of laches was therefore, a proper defense, but, if the defense as alleged and proved would not have been a defense to the cause of action alleged, it would be manifestly unjust to return the case for retrial. Both parties had the right to cancel the contract. Neither did. If the plaintiff was guilty of neglect in the assertion of his claims, the defendant was equally lax in not availing itself of the right to terminate the contract upon notice. What we have said applies as well to the original defense as to the second amended answer.

An examination of the entire record convinces us that as to the principal amount of the minimum royalties, the judgment did substantial justice between the parties, but it would not, in view of the facts of this case, be equitable to permit the plaintiff to recover interest upon the several payments of royalty which he failed to collect or demand for some eleven years.

Regardless of the form of the trial below, we regard this as a chancery case, and subject, as heretofore indicated, to the rules of equity. Being a case in chancery, it is subject to the rules of equity, and continues its character throughout the entire life of the case. The seeker of equity in this proceeding would not be doing equity if he were permitted to remain quiescent for some eleven years and then be permitted to collect interest as well as the principal sums he had allowed to remain in the hands of the plaintiff in error.

The judgment of the Court of Common Pleas, which was really a decree in chancery, will, therefore, be modified and reduced to the sum of $2,925, and, as so modified, the judgment or decree of the Court of Common Pleas will be affirmed.

HAMILTON and CUSHING, JJ, concur.